**William A. SUDDUTH, Appellant,**

v.

**John W. MACY, Jr., et al. and Walter N. Tobriner et al., Appellees.**

**No. 18460.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 10, 1964.

Decided Dec. 31, 1964.

---

Mr. Nicholas J. Chase, Washington, D. C., with whom Messrs. Barnum L. Colton, Jr., and Elmer G. Neumann, Washington, D. C., were on the brief, for appellant.

Mr. David P. Sutton, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee Tobriner and others.

Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker, John E. Hogan and David Epstein, Asst. U. S. Attys., were on the brief, for appellee Macy and others.

Mr. Max Frescoln, Asst. U. S. Atty., also entered an appearance for appellee Macy and others.

Before FAHY, WASHINGTON and MC-GOWAN, Circuit Judges.

FAHY, Circuit Judge:

Appellant was an employee of the District of Columbia Government with the status of a veterans preference eligible. He was removed from his position by the Government of the District of Columbia, effective May 14, 1961, on sustained charges that on February 8, 1961, he had been under the influence of alcohol, or "other drugs," while on duty, had refused to leave the work area when ordered by his superior and was arrested by officers of the Police Department and charged with disorderly conduct. He appealed to the Appeals Examining Office of the United States Civil Service Commission.[1] After a hearing there the action of the District of Columbia was upheld. He then appealed to the Board of Appeals and Review of the Civil Service Commission, which reversed the Appeals Examining Office and ordered appellant restored to his position retroactive to the day following the effective date of his removal. The District of Columbia thereupon "appealed" to the Civil Service Commissioners, who reopened the case and reinstated the decision of the Appeals Examining Office. Appellant then sued in the District Court to have the decision of the Commissioners set aside, and for reinstatement and accrued pay. The District Court on cross-motions for summary judgment, Judge Youngdahl sitting, held that the Commissioners in reaching their decision had improperly accepted evidence of an *ex parte* nature. The court remanded the case to the Commissioners with instructions to reconsider their decision, absent such evidence, with directions that if they decided the record was insufficient and additional evidence was required they were to remand the case to a Hearing Examiner for the taking of evidence.

After the remand by the District Court appellant's attorney on July 30, 1963, sent to the Commissioners a letter requesting their favorable consideration of appellant's case. This letter was returned by the office of the Commissioners; the reason given was that its consideration by the Commissioners would be inconsistent

---

1. Procedures for discharge and suspension of a veterans preference eligible, both for the employing agency and subsequent appeals to the Civil Service Commission, are set forth in Section 14 of the Veterans' Preference Act, 58 Stat. 390 (1944) as amended 61 Stat. 723 (1947), 5 U.S.C. § 863 (1958). The Appeals Examining Office is the first step in consideration of an appeal by the Civil Service Commission.

with the terms of Judge Youngdahl's remand.

The Commissioners, without taking additional evidence, again sustained the discharge, rescinded the decision of the Board of Appeals and Review and reinstated the decision of the Appeals Examining Office. Appellant then moved in the District Court that this second action of the Commissioners be set aside, and appellees moved again for summary judgment. The court denied appellant's motion and granted summary judgment in favor of appellees. This appeal follows.

 (1) Appellant contends that the Commissioners of the District of Columbia had no right of appeal from the Board of Appeals and Review to the Civil Service Commissioners. He relies upon Commission Regulation 22.503, set forth in the margin.[2] However, appellant had appealed to the Commission as an entity, as he had the right to do, from the decision of the employing agency. Our decision in Baratta v. Wilson, 100 U.S.App. D.C. 100, 243 F.2d 44 (1957), points out that in such circumstances the agency may resort to the internal administrative processes of the Commission. This includes Regulation 22.504, also set forth in the margin,[3] authorizing the Commissioners to reopen and reconsider any previous decision. While the right of appeal terminates with the decision of the Board of Appeals and Review Regulation 22.504 grants discretionary authority to the Commissioners as therein set forth. The authority was here exercised, and is not inconsistent with the finality of the right of appeal under Section 22.503; and we also agree with Judge Youngdahl that there is no inconsistency between these procedures and those required by the Veterans' Preference Act, *supra* note 1.

 (2) Appellant also contends that Judge Youngdahl, instead of remanding the case to the Commissioners should have entered judgment for appellant when it appeared that improper *ex parte* matters had been considered by the Commissioners. Appellant did not appeal Judge Youngdahl's order remanding the case to the Commissioners in terms which authorized them to redecide the case. And no objection whatever was lodged by appellant with the Commissioners against redecision of the case by them. Counsel did submit the letter of July 30, 1963, to which we have referred. Its rejection may have been due to an unnecessarily rigid interpretation of the terms of the remand, but the letter in no way sought reopening of the case for additional evidence, or lodged any objection whatever to a redecision by the Commissioners.

(3) Appellant contends that he should have been allowed to confront the Commissioners on remand. No request so to do was made. The letter referred to was not a request for confrontation, by which we suppose is meant the right to appear and argue.

 (4) As to the contention that it was error for the District Court not to vacate the discharge order for failure of the Commissioners to make specific findings and to state the rationale of their decision, we do not find merit in this contention. The Commissioners adequately set forth their reasons, including the following,

"the Commissioners find that the reasons for removal of Mr. Sudduth

2. Section 22.503:
"The decision on an appeal to the Board shall be final. There is no further right to appeal. A recommendation for corrective action is mandatory and must be complied with by the agency. Where corrective action is required, the agency shall report to the Board promptly that such action has been taken."

5 C.F.R. (revised as of January 1, 1961), § 22.503.

3. Section 22.504:
"The Commissioners may, in their discretion, when, in their judgment, such action appears warranted by the circumstances, re-open and re-consider any previous decision."

5 C.F.R. (revised as of January 1, 1961) § 22.504.

set forth in the decision letter of the Government of the District of Columbia dated April 6, 1961, are substantiated by the evidence, and that the removal action against Mr. Sudduth was not unreasonable, arbitrary, or capricious, but was effected for such cause as will promote the efficiency of the service as provided in section 14 of the Veterans' Preference Act. In view of his finding, the Commissioners rescind the decision and recommendation of the Board of Appeals and Review dated January 5, 1962, and reinstate the decision of the Appeals Examining Office dated August 16, 1961, and affirm the findings and recommendation contained in that decision * * *."

The decision of the Appeals Examining Office thus referred to contains a full analysis, with ample findings to explain the basis of the recommended action, which the Commissioners adopted.[4]

Affirmed.

4. We might agree with the Board of Appeals and Review that appellant's discharge was more severe than required, but we cannot say it was so arbitrary or unreasonable as to call for the substitution of a different judgment at the hands of the courts; and since the procedures withstand attack, the personnel action taken should not be held invalid.