Agatha **MENDELSON**, Appellant,

v.

**John W. MACY, Chairman, U. S. Civil Service Commission, et al., Appellees.**

**No. 19310.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 14, 1965.

Decided Jan. 13, 1966.

Mr. Glenn R. Graves, Washington, D. C., for appellant.

Mr. Allan M. Palmer, Asst. U. S. Atty., with whom Mr. David C. Acheson, U. S. Atty., at the time the brief was filed, Frank Q. Nebeker and Arnold T. Aikens, Asst. U. S. Attys., were on the brief, for appellee. Miss Carol Garfiel, Asst. U. S. Atty., also entered an appearance for appellee.

Before FAHY, WRIGHT and McGOWAN, Circuit Judges.

McGOWAN, Circuit Judge:

Appellant was formerly employed as a secretary by the National Aeronautics and Space Administration [NASA]. She was discharged from that position on January 6, 1963, for having "falsified official time and attendance reports and fraudulently obtained overtime compensation."[1] Appellant was notified of

---

1. 5 U.S.C. § 652 requires appellant's removal to be for "such cause as will promote the efficiency" of the civil service. She was charged with having made excessive claims for overtime on at least eleven different occasions between January 27 and May 30, 1962, and on ten occasions in the period from June 30 to October 13, 1962. Each of these claims was for weekend or holiday work. The guard registers indicated that she was not in her office for the hours claimed, and on

this charge by a letter, dated December 5, 1962, from the director of her office. After her written explanation was rejected by him on December 27, she appealed his decision pursuant to the NASA regulations. A three-member committee then conducted an extensive hearing and submitted a lengthy report to the appropriate NASA official, the Associate Administrator, finding irregularities as charged but recommending that the sanction imposed upon appellant be reduced from dismissal to suspension for 120 days. The Associate Administrator declined to upset the decision to dismiss appellant, and an appeal was taken to the Civil Service Commission.

A hearing was held before an Appeals Examining Officer of the Commission. Testimony was taken, and the transcript of the proceedings before the NASA Committee was introduced. A recommendation was forthcoming that the agency decision be not disturbed; and this was affirmed by the Commission's Board of Appeals and Review.

Having exhausted her administrative remedies, appellant instituted the present action for a declaratory judgment seeking reinstatement. On cross-motions for summary judgment, the District Court held for appellees.

Throughout, appellant has never denied that the claims she submitted for overtime compensation exceeded the hours she was shown to have been in her office by the entries in the guard registers. She has claimed, rather, that such lapses as occurred were inadvertent, caused by the excessive workload and pressures of her position; and that, in any event, she had worked a substantial amount of overtime on week days for which no claim had been made.[2]

On this appeal, three attacks are made upon the District Court's grant of summary judgment: (1) The findings of the Civil Service Commission were inadequate; (2) the finding that appellant acted fraudulently was arbitrary; and (3) the failure of the Associate Administrator to consider or cause to be considered the entire transcript of the hearings before the NASA committee violated NASA's internal procedural requirements. We are not persuaded that any one requires reversal.

I

Appellant characterizes the Civil Service Commission's findings as "inherently ambiguous and wholly unresponsive to fundamental issues. * * *" But the Commission carefully considered, paragraph by paragraph, all the charges made in the December 5 letter notifying appellant of her dismissal. The Commission responded to appellant's explanations. Her contention that excessive work responsibilities induced the erroneous overtime claims was appraised and rejected. The weight to be given the character testimony was considered. With respect to appellant's claim that she worked overtime without claiming compensation, the Commission found the evidence inconclusive. It also said:

"Assuming that there may have been days when she worked more hours than she reported, this would not necessarily indicate that her excessive claims on weekends were honest error. A more logical conclusion would be that excessive claims were deliberately made to offset the unclaimed overtime."

As appellant contends, the agency's decision must be appraised by reference to the grounds it selected for decision, and there must be findings adequate to support those grounds. See SEC v. Chenery Corp., 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943). In this case, however, there were specific find-

---

four occasions was not in her office at any time during the day in question. Appellant was also charged with having falsely reported herself to be on duty when she was in fact on leave.

2. Nor did appellant deny that she had reported herself on duty when she was on leave. She explained that in her previous office, in a different agency, this was an accepted device to recoup leave time that had been lost.

ings as to each charge made, and there was explicit consideration and rejection of appellant's proffered explanations.

■ Appellant asserts that the Commission's finding that the errors were not innocent (because of the frequency and pattern of occurrence) is made ambiguous by its suggestion that the "excessive claims were deliberately made to offset unclaimed overtime," the Commission having failed to determine, so it is said, whether appellant was innocently motivated in her attempts to offset the unclaimed overtime. This ambiguity as to appellant's intentions is said to be fatally defective because it precluded a consideration of the suitability of the punishment in light of appellant's motivations.

But the Commission seemed to have little doubt about appellant's motives. At the outset of his report, the examining officer recognized that fraud had been charged. After reviewing all the evidence, he concluded that "the pattern of error is such as to lead to a reasonable conclusion that the appellant did purposefully falsify her time and attendance record and fraudulently obtain overtime compensation." The Board of Appeals and Review concurred in that finding. In considering the entire report made by the examining officer in support of his recommendation, it does not seem reasonable to conclude that he intended to indicate any doubt as to appellant's motives by suggesting that appellant attempted to offset previously unclaimed overtime.[3]

## II

■ It is also argued that the Commission's finding of fraud was arbitrary and unreasonable.[4] The Commission, however, viewed the evidence as revealing a consistent pattern of excessive claims for weekend work—a pattern of error it found consistently to favor the appellant.[5]

■ Appellant's eleven-year employment with the Government, and the character testimony offered on her behalf, are stressed as indicating the unreasonableness of the Commission's finding. But, as has been noted above, the Commission considered this argument and rejected the inference appellant contends it should have drawn. That the Commission took this course does not seem unreasonable or arbitrary. The pattern of errors indicated to the Com-

3. Appellant suggests that the Commission's findings were inadequate since they "do not state that *none* of the 21 transactions were 'honest errors,' nor is it suggested how many, if any at all, fell into the category of simple oversights. It does not state that *all* 21 transactions represented 'deliberate' attempts to offset the previously unclaimed overtime, though it unquestionably implies that some were." As noted above, however, the Commission found a certain pattern of error. It would not appear reasonable to require the Commission to specify as to each excessive claim whether or not it was innocently made.

4. The report of the NASA Committee, recommending a reduction of the sanction from dismissal to suspension, is relied upon by appellant. The Committee avoided finding fraud, couching its conclusion in terms which left that question open. The Committee found that there was a "reasonable doubt" whether appellant had a wilful or fraudulent intent. But it also recognized that the employing authority did not need to prove beyond a reasonable doubt appellant's commission of improprieties justifying adverse action against her. Instead, it argued that the reasonable doubts were circumstances to be considered in mitigation of the action taken. We do not sit to revise the particular penalty imposed, provided it is within the applicable range of choice.

5. The report of the NASA Committee summarized the evidence against appellant. During the period from January through October 1962 appellant had claimed overtime for 35 Saturdays, Sundays, and holidays. Guard-register entries were available to check appellant's claims for 28 of these days. Comparing these entries with appellant's claims revealed that on five days appellant's claims were within fifteen minutes of being accurate; on one day she claimed less time than was shown on the guard-registers; and on the remaining 22 days she claimed more time than was shown on the guard-registers.

mission that the overtime claims were deliberately falsified.[6] Giving this evidence greater weight than the character testimony on which appellant relies would seem to be a judgment within the competence of the Commission.[7] This court has said it will not substitute its judgment for that of the administrative agency. See Eustace v. Day, 114 U.S.App.D.C. 242, 314 F.2d 247 (1962); Green v. Baughman, 100 U.S.App.D.C. 187, 243 F.2d 610, cert. denied, 355 U.S. 819, 78 S.Ct. 25, 2 L.Ed.2d 35 (1957). In this case, there is a rational basis in the evidence for the Commission's finding; and it should not be disturbed.

Appellant has stressed the innocent aspects of her conduct, and in doing so has suggested that the punishment imposed was too harsh. But as long as the agency action is neither arbitrary nor capricious, this would seem to be a matter for the agency's judgment. As has been noted above, this is an area where judicial interference is misconceived, pregnant as it is with possibilities of disturbing the orderly and uniform personnel administration envisaged by Congress. In Sudduth v. Macy, 119 U.S.App.D.C. 280, 341 F.2d 413 (1964), for example, the Civil Service Commission sustained appellant's discharge, reversing the determination by the Board of Appeals and Review to require reinstatement. What we said there is relevant here:

"We might agree with the Board of Appeals and Review that appellant's discharge was more severe than required, but we cannot say it was so arbitrary or unreasonable as to call for the substitution of a different judgment at the hands of the courts; and since the procedures withstand attack, the personnel action taken should not be held invalid." 341 F.2d at 416 n. 4.[8]

### III

When the Associate Administrator sustained appellant's discharge, he stated the decision was based upon his "review of the Committee report and the evidence contained therein." Appellant contends that reversal is required because the NASA regulations, which require the reviewing officer to consider the "entire appellate record,"[9] must be read as compelling consideration of the entire transcript of testimony before the NASA Committee.

By their terms, however, the NASA internal rules provide in the alternative for consideration of a written summary of the evidence. The hearing record is defined to include "either a verbatim transcript of the testimony or a summary of the proceedings."[10] The employee's appeal file is to include a "written summary *or* transcript of the hearing. * * * *"[11]

The report submitted to the Associate Administrator by the NASA Committee comprised some seventy pages. It extensively discussed the contentions of the parties, and described the related evi-

---

6. The Appeals Examining Officer also found that "the appellant was on notice, as of late June 1962, that the accuracy of her time and attendance records had been questioned and that she recognized a requirement for accurate and truthful reporting of her overtime."

7. The Appeals Examining Officer found: "The opinion of the witnesses as to the appellant's honesty and integrity has little weight as evidence since none of the character witnesses profess any direct personal knowledge of the circumstances leading to the appellant's removal."

8. See also Studemeyer v. Macy, 116 U.S. App.D.C. 120, 321 F.2d 386, 387, cert. denied, 375 U.S. 934, 84 S.Ct. 337, 11 L.

Fd.2d 265 (1963), where we said that "[T]here may be ground for reasonable differences of opinion as to whether the cause for which the personnel action was taken was grave enough to warrant depriving appellant of his position, but the court is not warranted in substituting a different judgment of its own for that of appellant's superiors, whose action has been sustained by the Civil Service Commission and the District Court."

9. NASA Regulation 17–7–30, ¶ 9(e).

10. NASA Regulation 17–7–30, ¶ 11(g) (1).

11. NASA Regulation 17–7–30, ¶ 9(c) (6) (Emphasis added).

dence. Appellant's counsel does not attack its fairness. To the contrary, he has relied upon it here as well as before the Civil Service Commission, because the Committee's recommendation of action more lenient than that adopted was supported by an analysis particularly sensitive to the mitigating circumstances of appellant's situation. Thus, he has described the report as "a long summary and a very good summary of the evidence * * *."

Although the failure of an agency to adhere to its internal procedural regulations may require reversal, this is not such a case. Here there was, at the least, substantial compliance. The Associate Administrator relied upon the lengthy summation of the hearings provided by the Committee report, a report which, as has been noted, has been praised by appellant's counsel for its fairness. We cannot say that, on this record when read in the light of all the relevant regulations, that reliance was so misplaced as to require reversing the judgment below.

Affirmed.