James M. MOORE et al., Appellants,

v.

**ADMINISTRATOR, VETERANS ADMINISTRATION,**

Chairman and Commissioners, United States Civil Service System.

No. 71–1508.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 26, 1972.

Decided Feb. 14, 1973.

Edward L. Merrigan, Washington, D. C., for appellants.

Julius A. Johnson, Asst. U. S. Atty., John A. Terry, Robert S. Rankin, Jr., and Joseph M. Hannon, Asst. U. S. Attys., were on the brief, for appellees.

Before DANAHER, Senior Circuit Judge, and MacKINNON and ROBB, Circuit Judges.

PER CURIAM:

Appellants, career nursing assistants at a Veterans Administration Hospital, were removed from their positions for mistreating a patient and failing to report the incident. Following notice of dismissal [1] and appellants' written denials of the charges, separate hearings were conducted for each appellant and the charges sustained. On appeal to the Administrator of the Veterans Administration, the decision of removal was upheld. Thereafter appellants pursued their ample administrative remedies, and, following a lengthy series of appeals before the Civil Service Commission, their removal was again sustained.[2] Having exhausted these procedures, appellants brought suit in the District Court seeking reinstatement and back pay. On cross motions for summary judgment, the trial court found for the appellees from which ruling this appeal is taken.

Throughout these proceedings, appellants' principal contentions have been that they have been deprived of a full and fair hearing in the denial of their request to call two investigators as witnesses at the Veterans Administration hearings and their non-access to the investigators' report of the incident involving the abuse of the patient in which both appellants were implicated. Additionally appellants allege a lack of substantial evidence to support the administrative decision.

The facts are not complex. During the morning hours of June 9, 1966, pa-

---

1. The removals were based on the following charges contained in letters dated September 23, 1966 and sent to appellants by the Deputy Chief Medical Director of the Hospital:

    I. You were a party to the abuse of patient Sam Levy at approximately 7:45 a. m. on June 9, 1966, in the seclusion area of Ward 4A, Building 131, in that you assisted Nursing Assistants Lowell R. McDowell and George H. Vaughn/James M. Moore in escorting patient Levy against his will to the seclusion area, where you and the other two nursing assistants attacked patient Levy, inflicting severe bruises to his abdominal area, abrasions below the left shoulder blade and multiple scratches to the back of his left hand.

    II. You failed to immediately report any incident or injuries involving patient Sam Levy, as described in paragraph I, to VA hospital officials.

Exhibit A–1, J.A. 18.

2. Appellants appealed the Veterans Administration decision to the Chicago Regional Director of the Civil Service Commission who determined the appellants were denied a full and fair hearing in the failure to produce the two investigators. (J.A. 36).

The Agency appealed this decision to the Board of Appeals and Review of the Commission which reversed the Regional Director and remanded for consideration on the merits. (Exhibit E, J.A. 48). The Regional Director, reviewing the case on the merits again recommended appellants be restored to their positions based on a finding that the evidence was insufficient to support the first charge and that the second charge (failure to report the incident), while sustained, was not sufficient ground for removal. (J.A. 55). The Agency again appealed and the decision of the Regional Director was again reversed by the Board of Appeals and Review holding that both charges were sustained by the preponderance of the evidence. (Exhibit G, J.A. 61). Appellants then requested the Commissioners to reopen their cases for consideration of the decision of the Board of Appeals and Review which was denied with the finding that the representations made in support of appellants' request did not demonstrate probable error or sufficient justification for reopening the cases. (Exhibit J, J.A. 80). Thereafter the complaint was filed in the district court from whose granting of defendants' motion for summary judgment this appeal is taken.

tient Levy, who had a reputation as a verbal (but non-physical) agitator, was taken from the Day Room by one Nursing Assistant McDowell and led to a seclusion area. He was joined in the hall en route by appellants Nursing Assistants Moore and Vaughn. When they arrived in the seclusion area a tussle ensued during which all four participants were described as rolling around on the floor. The tussle was estimated as lasting from three to five minutes. None of the participants reported the incident. Later in the afternoon of the same day, a resident doctor noted a change in patient Levy's behavior and he was given a physical examination. This revealed extensive bruises over the patient's entire abdomen and some scratches on his wrist and back. Two doctors testified essentially that it would be most unusual for such wounds to be self-inflicted or the result of efforts to subdue an unruly patient. Rather they indicated the bruises resulted from repeated blows from an external source—fist, blunt instrument, knee or elbow. Patient Levy testified that McDowell started hitting him while Moore and Vaughn were holding his arms. In general, however, patient Levy's testimony is confused and contradictory concerning the events in question.[3]

Appellants claim that the hearing committee's refusal to call the two investigators who developed the evidence against them[4] was violative of the Fifth and Sixth Amendments relying on the authority of Williams v. Zuckert, 371 U.S. 531, 83 S.Ct. 403, 9 L.Ed.2d 486, order dismissing petition for cert. vacated, remanded on rehearing, 372 U.S. 765, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963) and Vitarelli v. Seaton, 359 U.S. 535, 79 S.

Ct. 968, 3 L.Ed.2d 101 (1959). These cases are clearly inapplicable to the situation presented here. This investigation was conducted solely to determine whether the facts warranted the bringing of charges. The central reason that appellants' claims must fail is that the information gathered by these investigators was not relied upon in determining the status of these employees.[5] The decision to dismiss them was based solely on the evidence elicited at the hearings and not on the investigative report. At these hearings, testimony of every witness having first-hand knowledge of the incident was presented and appellants were afforded full and complete rights of cross-examination. The two investigators had witnessed none of the relevant events and their testimony would necessarily consist primarily of hearsay. This case is thus readily distinguishable from Vitarelli and Williams in that in both those cases the factual basis for the dismissal of the employees consisted of information supplied by confidential informants or contained in affidavits to which the employees had no access and, since these witnesses were not called, the employees were denied their right to cross-examination and confrontation as well as their due process right to a full and fair hearing.

Essentially the same reasoning disposes of the appellants' request for the investigative report itself. Since the decision to dismiss them did not depend upon the report to support the charges, but rather was based solely on the testimony of live witnesses subject to the right of full cross-examination, we think it apparent that refusal to make it available to the appellants did not constitute a denial of due process or the right of confrontation.

3. *See* the analysis and findings of the Regional Director, J.A. at 55 et seq. The facts set out in this opinion are drawn from both the Regional Director's findings, *id.*, and those of the Board of Appeals and Review, J.A. at 66 et seq.

4. At the outset it should be noted that the decision to call Agency employees as witnesses is discretionary with the hearing committee. 5 C.F.R. 771.216 (1971).

5. The *Vitarelli* opinion dealt with informants who furnished information which "was to be used . . . in assessing an employee's status." Vitarelli v. Seaton, 359 U.S. 535, 544, 79 S.Ct. 968, 975, 3 L.Ed.2d 101 (1959).

■ Appellants also seek to apply the principle of Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957) to the instant case, claiming that it requires the production of the investigative report. While we have held the *Jencks* doctrine [6] applicable to administrative proceedings,[7] appellants misconceive the scope of that rule. It requires only that where a witness has already testified "about an event long past, and it is shown that this witness at or about the time of the event made a written report to the Government concerning that event, and the testimony is material, and the credibility of the witness . . . upon this precise point is attacked, the Government upon demand must produce the report made by the witness." Communist Party v. SACB, 102 U.S.App.D.C. 395, 409, 254 F.2d 314, 328 (1958). This is manifestly inapplicable here where the investigators were not in fact called as witnesses and did not testify at all. In general, it is well established that no right to a preliminary investigatory file exists in administrative law:

> The APA contains no provision for pre-trial discovery in the administrative process and, of course the provisions of the Federal Rules of Civil Procedure for discovery do not apply to administrative proceedings. Therefore, in absence of special statutory provision, and in absence of special administrative regulation, no procedure for discovery is normally available in a federal administrative proceeding.

1 K. Davis, Administrative Law Treatise, § 8.15, at 588 (1958).

■ Finally, we turn to the question of the sufficiency of the evidence. The hearing testimony, when distilled, showed simply that the victim was conducted to and from the seclusion area in the company of the appellants. Objective medical examination subsequently revealed that in all probability appellant had been beaten. It is uncontested that no report of the incident was made as required by hospital rules. The victim's testimony is at best inconclusive.[8] While we might not have reached the conclusion that appellants were so directly involved in the incident as to warrant dismissal were we considering the issue de novo, our scope of review is much more confined. Applying the familiar "substantial evidence" test,[9] we agree with the trial court that

> [the] record in this case contains not a mere scintilla, but substantial evidence of plaintiffs' participation in the incident which led to patient Levy's injuries, and there is no apparent justification for their behavior. Thus, the decision to remove plaintiffs from their employment cannot be characterized as arbitrary or capricious.

Some participation in the affair by the appellants is well established and the failure to report the incident certainly lends support to the likelihood of their active involvement in the beating. This failure to report, when coupled with some degree of participation, seems more than sufficient grounds for removal.

Accordingly, the order of the District Court granting the defendants' motion for summary judgment is

Affirmed.

---

6. The Jencks Act, 18 U.S.C. § 3500, by its terms applies, of course, to the narrow situation in which a criminal prosecution is brought by the United States and a witness has testified at trial as to matters contained in a report in possession of the Government.

7. Communist Party v. S. A. C. B., 102 U.S. App.D.C. 395, 409, 254 F.2d 314, 328 (1958).

8 *See* note 3, *supra.*

9. *See, e. g.,* Mendelson v. Macy, 123 U.S. App.D.C. 43, 356 F.2d 796 (1966); Dabney v. Freeman, 123 U.S.App.D.C. 166, 358 F.2d 533 (1965); Eustace v. Day, 114 U.S.App.D.C. 242, 314 F.2d 247 (1962).