**Wallace D. RONEY et al.,**
**Plaintiffs,**

v.

**William SAXBE, Attorney General, et al.,**
**Defendants.**

**Civ. A. No. 74-19.**

United States District Court,
District of Columbia.

Aug. 5, 1974.

---

Theodore J. Christensen, Washington, D.C., for plaintiffs.

Michael J. Ryan, Asst. U. S. Atty., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

CORCORAN, district Judge.

### I

The plaintiffs herein are either present or former members of the United States Marshal Service. They brought this action seeking both declaratory and injunctive relief, as well as compensatory and punitive damages, for alleged racially discriminatory employment practices within the Marshals Service.[1]

The named defendants are the Attorney General and the Director of the Marshals Service.

The action is brought pursuant to the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16 (Supp. II, 1972), *amending* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1970).[2]

The matter is now before the Court on defendants' motion to dismiss or, alternatively, for summary judgment, and plaintiffs' opposition thereto.[3]

### II

*Roney and Miller*

The defendants have moved to dismiss the complaint as to plaintiffs Roney and Miller on the ground that this Court is without subject matter jurisdiction in that Roney and Miller's claims are now barred by the terms of 42 U.S.C. § 2000e–16(c), which requires that a civil action be brought within thirty days of receipt of notice of final agency action.[4] Therefore, it is asserted, since the Equal Employment Opportunity Act of 1972 is the exclusive remedy for federal employees to seek redress of alleged racially discriminatory employment practices within the federal establishment,[5] if the complaint invoking that remedy is not filed in a timely fashion, then that complaint must be dismissed as jurisdictionally defective.

Plaintiffs Roney and Miller have exhausted their administrative remedies under the 1972 Act. *Cf.* League of United Latin American Citizens v. Hampton, 501 F.2d 843, at 847 n.1 (D.C.Cir. 1974). *See* 5 C.F.R. §§ 713.211–713.222 (1974).

---

1. Plaintiffs Wallace G. Roney and Raymond Miller are currently Deputy United States Marshals assigned to the District of Columbia. Plaintiff Hordon H. Evono is a former Deputy United States Marshal. Plaintiffs Roney and Miller are Chairman and Vice-Chairman, respectively, of the Black Deputy United States Marshals Organization, a voluntary, unincorporated association of approximately 210 Deputy Marshals.

2. Plaintiffs also assert jurisdiction under the First Amendment of the Constitution of the United States; 5 U.S.C. §§ 701–706; 28 U.S.C. §§ 2201, 2202; and 28 U.S.C. § 1343(4).

3. Plaintiffs have also moved to amend the complaint. In view of the Court's disposition, that motion is not reached.

4. 42 U.S.C. § 2000e–16(c) provides in pertinent part:

    Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in [42 U.S.C. § 2000e–16(a)] . . . on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to [42 U.S.C. § 2000e–16(a)], . . . an employee . . . if aggrieved by the final disposition of his complaint, . . . may file a civil action as provided in (42 U.S.C. § 2000e–5), in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

5. The Equal Employment Opportunity Act of 1972 waived, in the case of the federal government, the otherwise available defense of sovereign immunity. Place v. Weinberger, 497 F.2d 412 (6th Cir. 1974). *Compare* Gnotta v. United States, 415 F.2d 1271 (8th Cir. 1969), *cert. denied*, 397 U.S. 934, 90 S. Ct. 941, 25 L.Ed.2d 115 (1970).

■ On August 31, 1973, the Complaint Adjudication Officer of the Department of Justice issued the final agency action on plaintiff Roney's Equal Employment Opportunity complaint. On June 6, 1973, the Complaint Adjudication Officer of the Department of Justice issued the final agency action on plaintiff Miller's Equal Employment Opportunity complaint. Plaintiffs Roney and Miller, however, did not file the instant civil action in this Court until December 26, 1973. Clearly, then, the claims of those plaintiffs are now barred by the thirty-day filing provision of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16(c). *See* Kurylas v. U.S. Dept. of Agriculture, 373 F.Supp. 1072 (D.D.C.1974) (Pratt, J.), *appeal pending,* No. 74–1435 (D.C.Cir.). Such a holding is consistent with the prerequisites for private Title VII actions. *See, e. g.,* McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973); Stebbins v. Nationwide Mutual Ins. Co., 469 F.2d 268 (4th Cir. 1972), *cert. denied* 410 U.S. 939, 93 S.Ct. 1403, 35 L.Ed.2d 606 (1973). Thus, this Court is without subject matter jurisdiction to entertain the claims of Roney and Miller, and the complaint, as it relates to them, must be dismissed. Such a holding necessarily pretermits a decision on the other jurisdictional assertions of Roney and Miller.

### III

#### *Evono*

With relation to the claim of plaintiff Evono, it is clear that he also has exhausted his administrative remedies. On January 10, 1973, the Complaint Adjudication Officer of the Department of Justice issued the final agency action on Evono's claim of racial discrimination, finding no such discrimination. On January 17, 1973, the Assistant Attorney General for Administration upheld Evono's separation from the Marshals Service. Evono, on February 5, 1973, through counsel, noted a timely appeal of both decisions to the Civil Service Commission (CSC). The Atlanta Regional Office of the CSC also upheld the removal and the finding of no racial discrimination in a decision on July 17, 1973. Thereafter, on December 6, 1973, the CSC Board of Appeals and Review sustained Evono's removal and found also that there was insufficient evidence to support his claim that the removal was racially motivated. Shortly thereafter, Evono filed this civil action in a timely manner on December 26, 1973.

■ In passing the Equal Employment Opportunity Act of 1972, it is clear that Congress intended a judicial review of the administrative record in cases arising under that Act, and not a trial *de novo. See, e. g.,* Pointer v. Sampson, 62 F.R.D. 689 (D.D.C.1974) (Gasch, J.); Hackley v. Johnson, 360 F.Supp. 1247 (D.D.C.1973) (Gesell, J.), *appeal pending,* No. 73–2072 (D.C. Cir.). *See also* League of United Latin American Citizens v. Hampton, *supra.* The traditional remedy, of course, for aggrieved federal employees, in personnel matters of a non-Title VII nature, is also judicial review on the record after exhaustion of administrative remedies. Polcover v. Secretary of Treasury, 155 U.S.App.D.C. 338, 477 F.2d 1223 (1973). Therefore, after careful review of the entire administrative record, the Court finds that there is a rational basis in that record for the decision of the CSC sustaining plaintiff Evono's removal, and that the removal action was not the result of racial discrimination. 5 U.S.C. § 706(2). *Cf.* O'Leary v. Macy, 111 U.S.App.D.C. 357, 297 F.2d 434 (1961), *cert. denied,* 370 U.S. 953, 82 S. Ct. 1603, 8 L.Ed.2d 819 (1962). *Compare* Mendelson v. Macy, 123 U.S.App. D.C. 43, 356 F.2d 796 (1966).

### IV

Accordingly, it is this 5th day of August, 1974,

Ordered and adjudged that the complaint of plaintiffs Roney and Miller be, and the same is hereby, dismissed for lack of subject matter jurisdiction; and it is

Further ordered and adjudged that summary judgment in favor of the defendants against plaintiff Evono be, and the same is hereby, granted.