Raymond **MILLER** et al.,
Plaintiffs,

v.

William **SAXBE** et al., Defendants.

Civ. A. No. 74–1604.

United States District Court,
District of Columbia.

March 7, 1975.

---

Kenneth Michael Robinson, Washington, D. C., for plaintiffs.

Michael J. Ryan, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

GESELL, District Judge.

In this action two black United States Deputy Marshals claim they have been the victims of a conspiracy among their supervisors and colleagues to deny them equal job opportunities on account of their race. The eleven defendants, ranging all the way up the chain of command

to a former Attorney General, have moved for summary judgment on several grounds.

Defendants argue this action is barred by the doctrine of res judicata in that Judge Corcoran dismissed a similar complaint brought by these plaintiffs in *Roney* v. *Saxbe,* 380 F.Supp. 1191 (D.D.C.1974), on the grounds that their failure to comply with the 30-day filing requirement of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16(c), deprived the court of "subject matter jurisdiction," *id.* at 1193.

Such a dismissal on jurisdictional grounds is not "on the merits" for res judicata purposes and consequently is "without prejudice" to a subsequent action raising the same or similar underlying facts if different grounds for jurisdiction are claimed. *See* F.R.Civ.P. Rule 41(b); 1B J. Moore, *Federal Practice* (2d ed. 1974) ¶ 0.405[5] at 659–61 and n. 15–19; 5 *id.* ¶ 41.14[1] at 1173–74; *see also Luker* v. *Nelson,* 341 F. Supp. 111, 114–5 (N.D.Ill.1972) (Will, J.). Thus, failure to comply with the 30-day requirement of 42 U.S.C. § 2000e–16(c) will not bar a later action brought under 42 U.S.C. § 1981. *Tramble* v. *Converters Ink Co.,* 343 F. Supp. 1350 (N.D.Ill.1972) (Will, J.); *Boudreaux* v. *Baton Rouge Marine Contracting Co.,* 437 F.2d 1011, 1017 (5th Cir. 1971) (Wilkey, J.).

A dismissal on jurisdictional grounds is, however, conclusive as a "direct estoppel" on the jurisdictional issues actually decided. Moore, *supra.* Defendants attempt to construe Judge Corcoran's opinion as holding no possible jurisdictional basis for the present civil rights claims could be found. The Court is convinced that is not a fair reading of Judge Corcoran's opinion. No claims under 42 U.S.C. § 1981 were before him.

While Judge Corcoran's opinion may be read as holding that the Equal Employment Opportunity Act of 1972

is the exclusive statutory source for a waiver of sovereign immunity by the Federal Government, *see Brown* v. *General Services Admin.,* 507 F.2d 1300 (2d Cir. 1974), this does not preclude an action for damages against individual federal employees personally. *See* 42 U.S.C. § 2000e–16(e). Thus plaintiffs' claims for back pay and promotions, claims against the United States, must be dismissed, but the action may proceed against the individual defendants for damages and appropriate injunctive relief against the named defendants. *See Gnotta* v. *United States,* 415 F.2d 1271, 1277 (8th Cir.), *cert. denied,* 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970).

 The conclusory allegations of good faith in defendants' affidavits do not guarantee them the shield of official immunity; these issues must be tested on the merits, particularly since E.E.O.C. has found discrimination. *Scheuer* v. *Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Apton* v. *Wilson,* 506 F.2d 83, 94–5 (D.C.Cir. 1974); *see also Wood* v. *Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *Glover* v. *District of Columbia,* Civil Action No. 3153–74 (Sup.Ct. Jan. 28, 1975) (Bacon, J.).

The motion for summary judgment is granted with regard to the claims for back pay and promotions but denied in all other respects.

Each defendant shall answer the amended complaint by his trial counsel on or before April 4, 1975. On that same date plaintiff shall file with the Court and serve on other counsel a statement more fully particularizing the conduct by each individual defendant relied on to show his alleged involvement in the conspiracy, and his claim for compensatory damages.

A status conference will be held in open court at 3:00 p. m. on April 11, 1975. All counsel should come prepared to indicate the scope and time desired for pretrial discovery, if any, and bring their appointment books so that further status/pretrial conferences and a definite trial date can be set.

 The case will be tried to a jury on the conspiracy issue only. Declaratory, injunctive or individual liability issues will be reserved for a later date after the results of the jury trial are known.

So ordered.