George H. EFTHEMES, Appellant,

v.

COMMISSIONERS OF CIVIL SERV-
ICE, Robert E. Hampton,
Chairman, et al.

No. 73–2043.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 20, 1975.

Decided June 6, 1975.

George H. Efthemes, pro se.

Paul N. Murphy, Asst. U. S. Atty.
with whom Earl J. Silbert, U. S. Atty.,
John A. Terry and Ellen Lee Park,
Washington, D. C., were on the brief for
appellees.

Before FAHY, Senior Circuit Judge,
and TAMM and ROBINSON, Circuit
Judges.

PER CURIAM:

Appellant George Efthemes appeals a
district court judgment upholding a deci-
sion by the Civil Service Commission
which sustained his removal for ineffici-
ency as a civilian employee of the Navy.
Finding the Commission's decision based
on substantial evidence and free of prej-
udicial procedural errors, we affirm.

Prior to the events giving rise to this
litigation, Mr. Efthemes was employed
as a civil engineer through the Civil
Service Commission (Commission) and
assigned to the United States Navy. He
apparently performed satisfactorily in
this capacity. In September, 1968, Mr.
Efthemes was hired by the Naval Com-
munications Command (Command)[1] in a
position in which the primary responsi-
bilities called upon administrative, as op-

---

1. Ex. 1a at 1002–05. The administrative
record includes the official Civil Service Com-
mission file and the transcript of the hearing
before the Commission's Appeals Examining
Office. Both parts were filed in the district
court as exhibits. The file is cited herein as
"Ex. 1a" and the transcript is cited as "Ex.
1b."

posed to engineering, talents. Thereafter, the Command became dissatisfied with his job performance and on August 14, 1970, removed him for "inefficiency."[2] He appealed to the Appeals Examining Office (AEO) of the Civil Service Commission, which reversed the Command's decision for failure to support its charge with sufficient specificity to afford appellant an opportunity to refute it. Ex. 1a at 575–79. He was restored to duty on October 5, 1970. Ex. 1a at 568–70; see 5 C.F.R. § 752.401(a) (1974).

The Command's dissatisfaction with appellant's work continued after his reinstatement and on November 23, 1970, he was notified of his deficiencies and ordered to improve his performance within 60 days, at which time the Command would again review his performance. He was also informed that his immediate supervisor would keep a daily log of his performance. Ex. 1a at 314–21. On February 22, 1971, the Command gave him advance notice of a proposed separation for inefficiency. See 5 C.F.R. § 752.202(a)(1) (1974). He was given specific reasons for the proposed discharge and told that he could use his case file, including the performance log, in order to respond to the charges prior to a final determination concerning the removal. Ex. 1a at 77–88. The Command removed him for "inefficiency" on March 31, 1971. Ex. 1a at 95. In the removal notice he was notified of his appeal rights and told that he could inspect his case file. Ex. 1a at 96–98.

Mr. Efthemes again appealed to the AEO, which requested him to review his case file and scheduled a hearing. Ex. 1a at 563–64; see 5 C.F.R. § 771.208 (1974). After a full hearing before an examiner, the AEO sustained his removal. Ex. 1a at 374–85. On February 10, 1972, the Commission's Board of Appeals and Review affirmed that decision. Ex. 1a at 2–7; see 5 C.F.R. § 772.307 (1974).

Appellant then filed suit in district court, seeking a declaratory judgment that the Commission erred in sustaining his removal. On cross-motions for summary judgment, the court found for the Commission. It held that "there is ample proof of inefficiency," noting that appellant, while "a qualified engineer, was a round peg in a square hole." Efthemes v. Commissioners of Civil Service, Civil No. 1687–72, Memorandum Opinion and Order at 1–2 (D.D.C., filed July 16, 1973). The court also found that he was afforded an adequate opportunity for a full and fair hearing. Id.

On appeal to this court, appellant renews his contention that certain procedural and evidentiary errors at the AEO hearing so prejudiced his rights as to render the decision arbitrary and unreasonable. His argument is threefold; we briefly deal with each seriatim.

■ First, he argues that numerous off-the-record discussions during the AEO hearing were improper and deprived him of a fair hearing. However, that appellant received a fair hearing is evident from the record. At the outset, the examiner instructed counsel, who did not object, that rules of evidence would be relaxed and all off-the-record discussions would be summarized for the record. Ex. 1b at 5–6; see 5 C.F.R. § 771.210 (1974). While there were approximately 20 off-the-record discussions during the two day hearing, our examination of the context of these discussions reveals nothing to indicate appellant was prejudiced thereby—most involved procedural discussions designed to expedite the proceedings. See, e. g., Ex. 1b at 8–9 (conversations between Navy counsel and his agency advisor regarding proposed stipulations); Ex. 1b at 35, 87–88 (introduction and admissibility of evidence); Ex. 1b at 198, 203 (review of appellant's exhibits); Ex. 1b at 12 (requests for rulings on rebuttal witnesses);

---

2. Ex. 1a at 141. 5 U.S.C. § 7501(a) (1970) provides:

(a) An individual in the competitive service may be removed or suspended without pay only for such cause as will promote the efficiency of the service.

See also 5 C.F.R. § 752.104(a) (1974).

Ex. 1b at 239 (permissible scope of cross-examination).

 Appellant next asserts that his performance log was improperly received into evidence because he did not have an opportunity to review it prior to the hearing. However, the record demonstrates that he was repeatedly notified prior to the hearing that he could see the log. He was informed of the existence of the log on November 23, 1970, Ex. 1a at 144, and told he could see it in the advance notice of proposed removal, Ex. 1a at 87, in the notice of removal, Ex. 1a at 98, and when the AEO requested him to review the evidence in his case file. Ex. 1a at 563–64. Furthermore, the subject matter of the log was discussed at bi-weekly meetings attended by Mr. Efthemes and two supervisors. Ex. 1b at 33, 87. Indeed, his counsel received a copy of the log on the first day of the hearing. Ex. 1b at 88.

Finally, appellant argues that he was hired as a qualified engineer but fired merely for paperwork inefficiency. We interpret this argument as a claim that substantial evidence did not exist to support his removal. However, there is ample record evidence of his job-related inefficiency; for example, his supervisors described his performance as "poor," "incomplete," and "inaccurate." Ex. 1b at 28, 59. There being a rational basis to the Commission's decision, we cannot disturb it. See Polcover v. Secretary of Treasury, 155 U.S.App.D.C. 338, 477 F.2d 1223, cert. denied, 414 U.S. 1001, 94 S.Ct. 356, 38 L.Ed.2d 237 (1973); Moore v. Administrator, Veterans Administration, 155 U.S.App.D.C. 14, 475 F.2d 1283 (1973); Mendelson v. Macy, 123 U.S.App. D.C. 43, 356 F.2d 796 (1966).

Although we affirm, we are concerned that an injustice is possibly being worked upon Mr. Efthemes in his efforts to secure new employment because his record baldly indicates "inefficiency," despite no proven fault in his engineering abilities, which were not tested. The record shows only that he was inefficient in the *administrative* position assigned to him, not that his engineering skills were deficient.[3] Thus, to allay any potential misinterpretation by future employers in this regard, we direct that a copy of this opinion be placed in appellant's master personnel file.

Affirmed.

---

3. The Command recognized this in its November 23, 1970 letter to Mr. Efthemes, which stated:

> In noting these general deficiencies, let me first reiterate that the Command's dissatisfaction with your work performance lies not in the area of your engineering skills and knowledges, which have not been tested, but in the fact that you seem unable to initiate and complete the staff review and documentation required in the overall program responsibilities associated with your target position . . . .

