Herbert Allen **GAMMON**

v.

**UNITED STATES of America.**

Civ. A. No. 73–557–R.

United States District Court,
E. D. Virginia,
Richmond Division.

June 13, 1975.

Herbert Allen Gammon, pro se.

Raymond Carpenter, Asst. U. S. Atty., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Herbert Gammon, a federal prisoner, brings this his fourth motion for relief pursuant to 28 U.S.C. § 2255, wherein he challenges a judgment of this Court entered on September 20, 1957, which sentenced him to a term of eighteen years for bank robbery. The matter is presently before the Court upon the Government's motion to dismiss, in response to which Gammon has filed supplemental pleadings. Upon consideration of the files and records pertaining to Gammon's previous motions, the Court concludes that his instant motion should be dismissed for several reasons.

First, with regard to Gammon's claimed denial of a private psychiatric examination prior to trial, this allegation has been raised and rejected previously. *United States* v. *Gammon,* Criminal Action No. 6373 (E.D.Va.,

Sept. 22, 1957); *Gammon* v. *United States,* Civil Action No. 4015–M (E.D. Va., Oct. 19, 1964); and *Gammon* v. *United States,* Civil Action No. 4496 (E. D.Va., Jan. 5, 1966). Since 28 U.S.C. § 2255 provides that a sentencing court is not required to entertain a successive motion for similar relief on behalf of the same prisoner, Gammon's motion on this ground will be denied. Further, as to Gammon's allegations that he was not informed of his right to appeal his conviction, such a claim is without merit in view of Gammon's previous admission that he knew he had such a right. See *Gammon* v. *United States,* No. 15,078 (4th Cir., Mar. 20, 1972).

Gammon also raises four additional allegations which have not been considered previously by this Court. He argues initially that he was denied effective assistance of counsel in that his attorney had met with him for only one hour prior to his trial. Assuming the veracity of this allegation despite trial counsel's verified statement to the contrary, it fails to call into question either the competence or the loyalty of his attorney. See *Diamond* v. *United States,* 432 F.2d 35 (9th Cir. 1970). Accordingly, as to this aspect of his motion Gammon is entitled to no relief.

Moreover, the Court finds the same to be true as to Gammon's allegation that any eyewitness to the alleged crime—a bank teller—was not present at the time of his trial. Were the Court to treat this claim, as Gammon suggests, as based upon his Sixth Amendment right of confrontation, then it must fail in that the teller's testimony, or lack thereof, was not relied upon in determining his guilt. Cf. *Moore* v. *Administrator, Veterans' Administration,* 155 U.S.App. D.C. 14, 475 F.2d 1283 (1973). If, on the other hand, the Court were to treat the claim as alleging that the Government suppressed a witness favorable to him, it must likewise fail as he has given no indication of the manner in which the teller's testimony would have been exculpatory.

Finally, as to Gammon's allegations concerning an improper jury charge and the trial court's failure to inform him of his right to make a statement prior to sentencing, the Court notes that the files reveal the transcript of Gammon's 1957 trial is no longer available. See *Gammon v. United States*, Civil Action No. 482–70–R (E.D. Va., Sept. 2, 1970). The Court notes further that despite the fact Gammon has filed three previous motions for relief pursuant to 28 U.S.C. § 2255, he has never before raised these claims. The Government argues in moving to dismiss the application for relief that it would be an abuse of the motion remedy to allow Gammon a hearing on these claims some eighteen years after his trial. The Court, in exercising its discretion in such matters, agrees and will, accordingly, dismiss Gammon's motion as to these claims. See *Sanders v. United States*, 373 U.S. 1, 17, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

An appropriate order will issue.