Raymond MILLER et al.,
Plaintiffs,

v.

William SAXBE et al.,
Defendants.

Civ. A. No. 74–1604.

United States District Court,
District of Columbia.

Oct. 8, 1975.

Kenneth Michael Robinson, Roger Zuckerman, Washington, D. C., for plaintiffs.

Michael J. Ryan, Roger C. Spaeder, Asst. U. S. Attys., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

GESELL, District Judge.

■ This matter comes now before the Court on the motion of each defendant for summary judgment. The United States Attorney on behalf of each defendant, has again preliminarily raised a question as to the power of the Court to proceed to the merits in light of the claim of official immunity. A motion to dismiss directed to these issues has already been denied, *Miller v. Saxbe,* 396 F.Supp. 1260 (D.D.C.1975). Defendants now wish to emphasize that the traditional doctrine enunciated in *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), should not be considered modified by *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), because, in the circumstances of this situation, the sovereign, through Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16 (Supp. III, 1973), has provided a distinct and adequate right of action which constitutes the exclusive remedy. Admittedly plaintiffs failed to pursue their rights for back pay in the courts. *See Roney v. Saxbe,* 380 F.Supp. 1191 (D.D. C.1974). It is suggested that in view of the failure to perfect this remedy, considerations of public policy and the need to preserve the effective administration of government require a court to avoid the interference with governmental decisions that would result from permitting further inquiry into those decisions through actions which seek to impose personal liability on the alleged offenders. This point is without merit. Defendants overlook the nature of this proceeding. If the allegations are proven, the conduct attacked offends fundamental constitutional rights which fall squarely within *Scheuer v. Rhodes, supra. See Apton v. Wilson,* 165 U.S. App.D.C. 22, 506 F.2d 83 (1974); *Shipp v. Waller,* 391 F.Supp. 283 (D.D.C.1975). Moreover, the case is founded on a jurisdictional ground separate from Title VII, *Miller v. Saxbe,* 396 F.Supp. 1260, *supra,* and acceptance of defendants' contention would render nugatory plaintiffs' independent cause of action under 42 U.S.C. § 1981. The Court is well aware of the need to avoid a situation that may immobilize officers of the government to a point where necessary action is withheld for fear of personal liability, but surely it is not too much for

the federal courts to insist that officers of the Federal Government confine their actions to conduct consistent with elementary constitutional standards, particularly where issues of race are involved.

 Turning then to the motion, the Court wishes to note that this case hangs largely on issues of motivation, intent and good faith. These are issues peculiarly not susceptible to resolution by summary judgment. 6 J. Moore, Federal Practice ¶ 56.17[41.–2], (2d ed. 1974, Supp.1975). Affidavits asserting good faith or the lack thereof, for example, do not establish the absence of a genuine issue of material fact such that summary judgment would be appropriate, *id.* at ¶ 56.22[2], and cannot be decisive to meet the tests laid down in *Scheuer.* A fuller inquiry must be made under adversary conditions, often in the light of numerous facts which may or may not create a pattern from which the jury should be allowed to draw ultimate inferences consistent with traditional legal standards.

 The Court has thoroughly examined the voluminous materials submitted by the parties and has had the benefit of extensive argument and briefs. In considering the summary judgment motions the Court has attempted to determine whether any individual defendant would be wrongly held for trial on mere suspicion or a scintilla of proof. Where there are substantial and material issues of fact, the benefit of the doubt at this stage must be accorded plaintiffs. The defendants who stand trial will, of course, be able to have a further review of their claims for immunity in the course of the trial, when the facts are presented and tested.

 The motion for summary judgment as to defendants Colburn, Pommering, McKinney, Gardner, Vandergrift, Butler, Cameron and Daniels is denied; the motion for summary judgment as to defendant Anthony Papa is granted. Papa, who served as United States Marshal for the District of Columbia from January, 1970, until May, 1973, was not in office following the EEOC adjudication officer's ruling of June, 1973, and he is not shown to have ordered or to have had responsibility for any of the specific alleged acts constituting the underlying basis for the complaint. Many allegations as to Papa are misplaced since they occurred after his return to private employment out of the city. His general supervisory responsibilities standing alone are not sufficient to hold him for trial when no discriminatory act or decision is shown to have been made by him against either plaintiff. Moreover, plaintiffs' vague and conjectural assertions concerning Papa's role in the implementation of the Whitten Amendment are insufficient in the face of the explicit and unchallenged statements in his affidavit denying any involvement or official responsibility in the process of determining the applicability of that regulation.

So ordered.