IRWIN v. VIA.

1. TRIAL—MOTION TO DISMISS AT CLOSE OF PLAINTIFF'S CASE.
   A motion to dismiss is defendant's proper motion when plaintiff
   has completed the presentation of his evidence to the court in
   a nonjury trial, since such a motion may be made without
   waiving his right to offer evidence in case the motion is denied
   (GCR 1963, 504.2).

2. SAME—MOTION TO DISMISS—MOTION FOR DIRECTED VERDICT.
   A motion to dismiss, made in a nonjury trial after plaintiff has
   rested has a different effect than a motion for a directed
   verdict at such time in a jury trial (GCR 1963, 504.2, 515).

3. SAME—DISMISSAL OF ACTION—RES JUDICATA.
   An order dismissing plaintiff's action at the close of plaintiff's
   proofs operates as an adjudication on the merits unless the
   dismissal is for lack of jurisdiction or the court otherwise
   specifies (GCR 1963, 504.2).

4. SAME—DISMISSAL WITHOUT PREJUDICE.
   An order dismissing plaintiff's cause of action without prejudice
   would allow plaintiff to recommence his action.

Appeal from Common Pleas Court of Detroit;
Vokes (David C.), J. Submitted Division 1 January
5, 1966, at Detroit. (Docket No. 464.) Decided
February 22, 1966.

Declaration by Donald L. Irwin and Shirley E.
Irwin against Arlo Via, Jr., and Margaret E. Via
for damages resulting from the failure to pay a

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial §§ 310, 311, 315, 336 *et seq.*
[2] 53 Am Jur, Trial §§ 310, 311, 315, 1126.
[3] 53 Am Jur, Trial §§ 310, 311, 315, 353; 30A Am Jur, Judgments
    § 352.

promissory note and two obligations of plaintiffs that defendants had assumed. Counterclaim by defendants for plaintiffs' failure to purchase Federal tax stamps. Cause dismissed without prejudice as to plaintiffs and voluntarily dismissed as to defendants without prejudice. Defendants appeal. Affirmed.

*Ben W. Boutell,* for plaintiffs.

*Craig & Heidt (Douglas Craig,* of counsel), for defendants.

J. H. GILLIS, J. Plaintiffs brought an assumpsit action in the common pleas court for the city of Detroit alleging money due from the defendants on an alleged contract and promissory note. Plaintiffs, on or about June 25, 1962, sold the equity in their home to the defendants. At the same time the parties executed an agreement under which defendants agreed to assume and pay an obligation owed by plaintiffs to the Manufacturers National Bank of Detroit in the amount of $712.46 and another obligation of the plaintiffs owed to the National Bank of Detroit in the amount of $945.57, and in addition thereto the defendants executed a promissory note for $100 payable to the order of the plaintiffs, said note payable on or before September 25, 1962.

The record discloses that the indebtedness to the Manufacturers National Bank of Detroit was originally incurred to cover landscaping, but is silent as to the circumstances surrounding the execution of the promissory note to the National Bank of Detroit.

Plaintiffs commenced suit alleging breach of the contract to pay the two bank indebtednesses and the failure to pay the promissory note. Defendants answered admitting the promissory note was due and payable, admitting they had failed to make the payments to the two banks, but contending the agree-

ment to pay the banks was obtained by fraud and was without consideration. Defendants filed a counterclaim alleging that plaintiffs had failed to pay the required Federal documentary tax in the amount of $14.85.

Trial commenced before the court without a jury and at the conclusion of plaintiffs' proofs and after the plaintiffs had rested, defense counsel moved for a directed verdict contending that there was no evidence of consideration shown for the alleged contracts covering the Manufacturers National Bank and National Bank of Detroit indebtednesses. After making a finding that consideration for the execution of the agreement to pay the obligations due to the banks was not proven, the court dismissed plaintiffs' case *without prejudice*. Defense counsel then stated:

"We will let our case go too, Your Honor. We have a cross-claim but we will let it go without prejudice too, Your Honor."

The court then dismissed the counterclaim without prejudice. Defendants commenced this appeal alleging, as the sole ground of reversible error, that the court should have dismissed the case with prejudice.

The procedure followed in the trial is puzzling to this Court.

First, the proper motion to be made by the defendants at the close of the plaintiffs' case was a motion to dismiss pursuant to GCR 1963, 504.2, and not a motion for a directed verdict which is applicable in jury trials and has a different effect. See GCR 1963, 515.*

Second, plaintiffs made no motion to reopen proofs in order to establish, if possible, the element

---

\* While the language of GCR 1963, 11, does not specifically provide that the rules apply to the common pleas court for the city of Detroit, however, Rule No 39 of the common pleas court provides that the Michigan court rules govern in all matters not otherwise provided for in their own rules or expressly prohibited by statute.

of consideration. In view of the court's ultimate ruling dismissing the case without prejudice, and expressly indicating the plaintiffs could start their case anew, undoubtedly a motion by plaintiff to reopen would have been granted. See *Bonner* v. *Ames* (1959), 356 Mich 537.

Third, the defendants' counsel did not object to the court's ruling and suggested the additional ruling by the court dismissing defendants' counterclaim without prejudice.

It would appear that the better practice would have been for the court and counsel to proceed with the trial and obtain an adjudication on the merits so that the litigation would come to a speedy conclusion. Perhaps there were reasons dehors the record that necessitated the procedure utilized.

In any event, GCR 1963, 504.2, provides:

*"Unless the court in its order for dismissal otherwise specifies,* a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits." (Emphasis supplied.)

The noted lecturer and author, Judge Horace W. Gilmore, in his book, 1 Michigan Civil Procedure Before Trial, p 528, states:

"Special attention is also called to the fact that unless the court orders otherwise, a dismissal under· GCR 1963, 504.2 acts as an adjudication upon the merits, unless the dismissal is one for lack of jurisdiction. The court may, if it dismisses for failure to comply with rules or otherwise, make the dismissal not a dismissal upon the merits, but rather a dismissal without prejudice, so as to allow the plaintiff to recommence his action."

Defendants rely on two Michigan cases in support of their theory, *Mt. Ida School for Girls* v. *Rood*

(1931), 253 Mich 482, and *Bettendorf* v. *F. W. Woolworth Co.* (1951), 329 Mich 409, neither of which support their proposition. In the *Mt. Ida Case* the issue presented in the instant case was not discussed. In the *Bettendorf Case* the factual situation was substantially different.

Since the trial court expressly specified a dismissal without prejudice, the judgment is affirmed. Costs to appellees.

LESINSKI, C. J., and QUINN, J., concurred.