## THEISEN *v.* CITY OF DEARBORN.
### DISSENTING OPINION.

T. M. KAVANAGH, SOURIS, and BRENNAN, JJ.

1. JUDGMENT—RES JUDICATA—AMBIGUITY.
   *An ambiguous judgment is not* res judicata *of the issue which is the subject matter of the ambiguity.*

2. SAME—RES JUDICATA—PENSION RIGHTS—AMBIGUITY.
   *Decision of trial court in prior action which established the formula to be used in computing annuity retirement benefits for retired policemen and firemen under city charter provision is not a bar to a new action to establish the formula where the holding of the trial court in the first action is ambiguous (Dearborn City Charter, ch 21, §§ 21.3, 21.23, 21.37).*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 30A Am Jur, Judgments §§ 325, 336.
[3] 30A Am Jur, Judgments §§ 363, 365, 397.
[4] 23 Am Jur 2d, Depositions and Discovery §§ 155, 164, 166, 167, 174, 242.
[5] 5 Am Jur 2d, Appeal and Error §§ 1009, 1011, 1014, 1015.

3. Judgment—Res Judicata—Appeal and Error—Pension Rights.
    Decision of trial court in prior action which established the formula to be used in arriving at annuity retirement benefits for retired policemen and firemen is conclusive and a bar to instant action, where the subject matter and the issues are identical and the parties and the forum are the same (Const 1963, art 9, § 24; Dearborn City Charter, ch 21, § 21.8).

4. Appeal and Error—Questions Reviewable—Municipal Corporations—Inspection of Records—Discovery.
    Request by retired policemen and firemen that discovery proceedings be allowed to determine whether their annuity or other benefits have been properly adjusted by the defendant city under the formula established in prior action construing city charter provision is granted (Dearborn City Charter, ch 21, § 21.8).

5. Costs—Remand—Discovery.
    Costs are ordered to abide result where case is remanded in order to fulfill plaintiffs' request for discovery proceedings.

Appeal from Court of Appeals, Division 1; J. H. Gillis, P. J., McGregor and Holbrook, JJ., affirming Wayne, Bowles (George E.), J. Submitted December 7, 1967. (Calendar No. 43, Docket No. 51,711.) Decided May 6, 1968.

5 Mich App 607, affirmed.

Class action by Arthur N. Theisen, Retired and Pensioned Policemen and Firemen Association of Dearborn, an unincorporated association, George Morrison as its president and for himself and others, against City of Dearborn, a municipal corporation, for an accounting and for a determination of moneys due under the provisions of the City of Dearborn's policemen's and firemen's retirement system. Judgment for defendants affirmed by Court of Appeals. Plaintiffs appeal. Affirmed and remanded for further proceedings.

*James Thomson,* for plaintiffs.

*Ralph B. Guy, Jr.,* for defendant.

BRENNAN, J. (*dissenting*). Plaintiffs are retired policemen and firemen of the city of Dearborn. Their suit is for payment of retirement benefits alleged to be due.

The Dearborn city charter provides (chap 21, §§ 21.8, 21.28, 21.37):

"Section 21.8. 'Average Final Compensation' shall mean the average annual salary or wages paid to a member by the city for service rendered as a policeman or fireman during his last 5 years of service preceding retirement; or if he has less than 5 years service, then the average annual salary or wages paid to him by the city during his total years of service. \* \* \*

"Section 21.28. Upon retirement from service according to the provisions of section 21.27 of this chapter, a member shall receive a service retirement annuity equal to 1/50 of his average final compensation multiplied by his total years of creditable service; provided, however, the service retirement annuity of a member or beneficiary shall not exceed 1/2 his average final compensation, or 7/10 of the annual rate of pay received by a patrolman first-class, or a fireman first-class, whichever amount is the lesser. \* \* \*

"Section 21.37. If hereafter the rate of compensation for the rank, grade, or position on which the annuity, or other benefit, payable to a beneficiary, is based, shall be changed, then the annuity, or other benefit, payable to a beneficiary, shall be adjusted to an amount based upon the changed rate of compensation for the corresponding rank, grade, or position."

The trial court dismissed the action, and the appellate court upheld the dismissal, on the ground that the matter is *res judicata.* 5 Mich App 607.

The previous case was, like this one, a class action by retired policemen and firemen. The disputed portion of the trial court's opinion in that previous case is as follows (*supra* p 617):

" 'The average final compensation is a figure arrived at by ascertaining what the average salary or wages paid to the member during his last 5 years of service before retirement or if he has less than 5 years then the average annual salary or wages paid to him during his total years of service. The figure arrived at by this process, that is, the *average final compensation will determine then the rank, grade, or position of the retiree when he first draws an annuity and that is the rank, grade, or position which is thereafter used in the computation of increases under section 21.37.*

" '*This, too, must be an individual determination. Whenever the rank, grade, or position is changed under section 21.37, then the retiree or beneficiary is entitled to an adjustment of the annuity in an amount based upon the amount of change in the compensation for that rank, grade, or position in which the retiree was first found in the computation of his average final compensation.* '" (Emphasis supplied.)

This holding by the trial court in the previous case is ambiguous. It seems to suggest that, for purpose of adjustment under section 21.37, a retiree will be regarded as holding a *fictional* grade, rank, or position, for which the rate of compensation is his average final compensation. It is patently impossible that the rate of compensation for a *fictional* grade, rank, or position will ever be changed, since there are no active officers or fire fighters who hold such fictional rank or receive such rate of compensation.

A judgment which is ambiguous is not *res judicata* of the issue which is the subject matter of the ambiguity.

The judgment should be reversed and the case remanded.  Costs to the appellants.

T. M. KAVANAGH and SOURIS, JJ., concurred with BRENNAN, J.

KELLY, J.  We disagree with our Brother's finding that the "holding by the trial court in the previous case[1] is ambiguous", and we agree with the trial court and the Court of Appeals that the decision in the previous case in regard to the formula determines the question of formula in the present case.

We are remanding to allow plaintiffs' request[2] that discovery proceedings be allowed to determine whether plaintiffs' annuity or other benefits have been properly adjusted by the defendant under the established formula.

Remanded.  Costs to abide result.

DETHMERS, C. J., and BLACK, O'HARA, and ADAMS, JJ., concurred with KELLY, J.

---

[1] *Morrison v. City of Dearborn,* Wayne Circuit Court No 299–972.
[2] Paragraphs 12, 13, 14, 15, and 16 of plaintiffs' complaint.