CITIZENS MORTGAGE CORPORATION v SECOND AVENUE
LIMITED DIVIDEND HOUSING ASSOCIATION

1. JUDGMENT—DISMISSAL—RES JUDICATA—IDENTITY OF ALLEGATIONS.

A defendant's counterclaim was properly dismissed by a circuit court on grounds of res judicata where the allegations set forth in that counterclaim were not different from those set forth by the defendant in a separate action in Federal court, wherein the defendant was the plaintiff, which was dismissed by the Federal court.

2. JUDGMENT—DISMISSAL—FAILURE TO STATE CLAIM—RES JUDICATA.

A dismissal for failure to state a claim upon which relief can be granted will, under principles of res judicata, bar a subsequent claim.

3. PLEADING—COUNTERCLAIMS—AMENDED PLEADINGS—COURT RULES
—JUDGE'S DISCRETION.

Failure of a defendant to avail itself of its right to file an amended counterclaim within the time period prescribed by court rule brings the issue of whether to grant or deny a request to amend within the discretion of the trial judge, and no error occurred where a judge did not abuse that discretion when denying such a request (GCR 1963, 118.1).

Appeal from Wayne, Thomas J. Foley, J. Submitted June 8, 1976, at Detroit. (Docket No. 25637.) Decided October 20, 1976. Leave to appeal applied for.

Complaint by Citizens Mortgage Corporation and the Michigan State Housing Development Authority against the Second Avenue Limited Dividend Housing Association to foreclose a mortgage. Defendant filed a counterclaim against the plaintiffs

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments § 430 et seq.
[2] 47 Am Jur 2d, Judgments § 1203.
[3] 46 Am Jur 2d, Judgments § 761.

and several others seeking injunctive relief and damages for violations of several state and Federal statutes. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Miller, Canfield, Paddock & Stone* (by *Gregory L. Curtner),* for Citizens Mortgage Corporation and Manufacturers Hanover Corporation.

*Frank J. Kelley,* Attorney General, *Milton I. Firestone* and *Joseph Sobkowski,* Assistants Attorney General, and *Gregory L. Curtner* and *Herbert G. Sparrow, III,* Special Assistants Attorney General, for Michigan State Housing Development Authority.

*Patmon, Young & Kirk, P. C.,* for Second Avenue Limited Dividend Housing Association.

Before: J. H. GILLIS, P. J., and T. M. BURNS and W. VAN VALKENBURG,* JJ.

W. VAN VALKENBURG, J. On February 5, 1975, plaintiffs filed suit in the Wayne County Circuit Court to foreclose defendant's mortgage. On February 24, 1975, the defendant, appellant here, filed a petition for removal from the state court in the United States district court. The defendant's answer, filed April 21, 1975, alleged special and affirmative defenses, praying for injunctive relief, double and triple damages based on violations of civil rights, the Sherman Anti-trust Act and Clayton Act,[1] and Michigan antitrust, civil rights and

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] 26 Stat 209 (1890); 15 USC 1 *et seq.;* 38 Stat 730 (1914); 15 USC 12 *et seq.*

housing statutes[2] against the plaintiffs and additional defendants Carla Anderson Hills, James T. Lynn, William G. Milliken, John Dempsey, Frank J. Kelley, Citizens Mortgage Corporation, New Detroit, Inc., Metropolitan Detroit Citizens Development Authority, Manufacturers Hanover Corporation, Lawyers Title Insurance Corporation, Continental Wingate Company, Inc., The Department of Housing and Urban Development and the Federal Housing Administration.

On April 30, both MSHDA and Citizens filed and served a motion to remand for improper removal. This motion was granted by Federal District Court Judge Cornelia Kennedy, May 12. On June 11, 1975, plaintiffs filed a motion in the Wayne County Circuit Court. This motion was for accelerated and summary judgment, predicated on (1) res judicata, (2) lack of legal capacity and absence of requisite standing and (3) failure to state a claim upon which relief requested could be granted. The plaintiffs simultaneously filed motions to enjoin interference with bond and note sales. After hearings, Judge Thomas J. Foley rendered a written opinion granting the plaintiffs' motions and dismissing the defendant's counterclaim on the grounds of res judicata.

A brief discussion of the matters heard by the United States District Court is in order. On May 1, 1975, defendant Second Avenue, as plaintiff in the Federal district court, filed a complaint against MSHDA, Citizens Mortgage and other parties. Subsequently, MSHDA and Citizens filed motions seeking dismissal of that complaint. On May 27, 1975, Second Avenue filed its first amended complaint in the Federal district court. On May 28,

---

[2] MCLA 445.701 *et seq.;* MSA 28.31 *et seq.* MCLA 750.146 *et seq.;* MSA 28.343 *et seq.* MCLA 125.401 *et seq.;* MSA 5.2771 *et seq.*

1975, the district court entered its opinion and judgment of dismissal of Second Avenue's entire action. It was on this basis that Judge Foley concluded that the Second Avenue counterclaim should be dismissed on res judicata grounds.

Judge Foley was correct in this ruling. While parties with standing may properly raise the claims asserted by the defendant, the same party initially precluded from bringing the action, here the defendant, may not again assert its standing to raise the same issues in a subsequent action. We find support for this position in Restatement, Judgments, § 49, p 195. The commentators state:

"*b. Effect of judgment as to issues decided.* Although, where the judgment for the defendant is not on the merits, the plaintiff is not precluded from maintaining a new action on the same cause of action, he is precluded from relitigating the very question which was litigated in the prior action. Thus, if the action was dismissed because of the nonjoinder of a third person as defendant, and the plaintiff thereafter brings an action on the same cause of action without joining the third person, the plaintiff is not entitled again to litigate the question whether the third person was a necessary party."

Further, the allegations set forth in the defendant's counterclaim were not different from those dismissed in the first amended complaint filed in the Federal district court. In *Curry v Detroit,* 394 Mich 327; 231 NW2d 57 (1975), the Court held that questions once litigated may not be raised in a subsequent action. *Curry* is also authority for the proposition that a dismissal for failure to state a claim upon which relief can be granted will, under principles of res judicata, bar a subsequent claim.

Restatement, Judgments, § 50, p 198, states:

*"c. Failure to State a Cause of Action.* Even though the judgment for the defendant is based upon the failure of the plaintiff to state in his complaint facts sufficient to constitute a cause of action, the plaintiff is not necessarily precluded thereby from maintaining an action on his original cause of action. If his complaint in the later action contains further allegations, the omission of which made the complaint in the first action demurrable, the judgment in the first action is not a bar to the second action, * * * ."

As we previously noted, the allegations set forth in the counterclaim were not different from those dismissed in the district court. 5 Wright and Miller, *Federal Practice and Procedure,* § 1357, p 614, says that a dismissal for failure to state a claim may result in res judicata:

"A number of courts, however, have indicated that a dismissal under Rule 12(b)(6) can be on the merits and thus have the effect of invoking the principles of res judicata to bar any further attempt to present the same claim. This attitude is particularly evident when the putative amended complaint is substantially identical to the original." See, *Durham v Mason & Dixon Lines, Inc,* 404 F2d 864 (CA 6, 1968), *cert den,* 394 US 998; 89 S Ct 1594; 22 L Ed 2d 776 (1969).

Further, the defendant asserts that the trial court improperly denied its request to amend the counterclaim. This contention is devoid of merit. GCR 1963, 118.1. The defendant could have filed an amended counterclaim as a matter of right at any time prior to June 27, 1975, when the trial court granted the plaintiffs' motion for accelerated judgment. Defendant chose not to do so, relying on the pleading of June 25, 1975. By failing to avail itself of its right to file an amended counterclaim within the prescribed period the issue of whether to grant or deny the request came within the

sound discretion of the trial judge. We find no abuse of discretion.

The trial court, in its opinion, refers to "delaying tactics". We recognize the right of the defendant to appeal the decision of the Federal district court. The United States Court of Appeals for the Sixth Circuit affirmed Judge Kennedy's decision on April 8, 1976, and denied a motion for rehearing on May 25. We note that, according to the information offered by the parties at oral argument, the property has been abandoned and is now boarded up. From a practical standpoint the issues raised in this litigation are rendered moot by this action. There need be no further delay. Certainly a program designed and administered for the benefit of people who can afford only low and moderate income housing should not be further jeopardized.

Affirmed. Costs to appellees.